UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIRLEY BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| CIGNA CORPORATION and LIFE | ) |
| INSURANCE COMPANY OF NORTH | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Life Insurance Company of North America ("LINA")[1] files this Notice to remove to this Court an action brought against it and currently pending in the Sumner County Circuit Court, bearing Docket No. 2015-cv-996, and with respect thereto, would show this Court as follows:

I.

The above-styled cause was commenced in the Sumner County Circuit Court, State of Tennessee, Case No. 2015-cv-996, by virtue of a Complaint filed by Plaintiff Shirley Black on September 1, 2015. Defendant Cigna Corporation does not do business in or operate in Tennessee, and has not appointed the Department of Commerce and Insurance as its agent for

---

[1] To the extent required, Cigna Corporation enters a limited, special appearance only for the sole purpose of agreeing to the removal of this matter. Cigna Corporation is an improper party to this litigation. First, it does not do business in or operate in the State of Tennessee, and the Court does not have personal jurisdiction over Cigna Corporation. Second, it is not a party to the ERISA life insurance contract at issue, and it does pay or administer benefits. Cigna Corporation does not waive jurisdiction or otherwise submit to the jurisdiction of this Court. Cigna Corporation should be dismissed from the case.

service of process. Therefore, the Department of Commerce and Insurance cannot accept service on behalf of Defendant Cigna Corporation.

LINA and/or the State of Tennessee Department of Commerce and Insurance received a copy of Plaintiff's Complaint on or about September 4, 2015. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint and the Court file, are attached hereto and made a part of this Notice by reference.

II.

Upon information and belief, Plaintiff is a citizen of the State of Tennessee.

III.

The Complaint alleges a claim for the alleged nonpayment of insurance benefits to Plaintiff. Despite the Complaint's allegations to the contrary, the insurance policy is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Affidavit of Lisa Mekkelsen ("Mekkelsen Aff."), ¶ 8 attached as **Exhibit A**; *see also* a copy of the policy attached as **Exhibit B**. Accordingly, this action is one of a civil nature for damages claimed as a result of an alleged breach of an ERISA insurance contract. Based on the ERISA nature of the claims alleged by Plaintiff, this Court has original jurisdiction over Plaintiff's action against LINA under the provisions of 28 U.S.C. § 1331. Defendant Cigna Corporation, however, denies that it is a party to the insurance contract at issue or breached said contract and further denies that the Court has jurisdiction over Cigna Corporation.

Specifically, this is an action for benefits arising under ERISA. 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the district courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. The Complaint asserts Plaintiff's rights to recover

benefits under the terms of a plan. *See* Complaint ¶¶ 3-8. It is clear that this action arises under federal law, and this Court has original jurisdiction, although Defendant Cigna Corporation disputes that the Court has personal jurisdiction over it.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are preempted by ERISA and come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law, even if the defense of ERISA preemption does not appear on the face of the complaint. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed.2d 55 (1987). To the extent the specific claims against LINA are separately articulated, those specific claims as to LINA also are removed. The requisite federal question exists, as provided in 28 U.S.C. § 1331.

IV.

The time period within which LINA is required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired. LINA first received notice of the action no earlier than September 4, 2015.

V.

To the extent required, and subject to all of the reservations it has previously made herein regarding lack of jurisdiction over it, Cigna Corporation consents to the removal by LINA.

VI.

LINA files herewith a copy of all process, pleadings, and orders served upon all parties to this action.

745302

3

Case 3:15-cv-01055   Document 1   Filed 10/02/15   Page 3 of 5 PageID #: 3

VII.

Notice to the Sumner County Circuit Court, which attaches a duplicate of this Notice of Removal to federal court, is being filed with the Clerk of the Sumner County Circuit Court as required by 28 U.S.C. § 1446(d).

VIII.

Notice of the filing of this Notice of Removal will be sent to the Plaintiff, the only adverse party, as required by 28 U.S.C. § 1446(d).

IV.

The allegations of this Notice are true and correct and, except as noted above regarding personal jurisdiction over Cigna Corporation, within the jurisdiction of the United States District Court for the Middle District of Tennessee, and, as noted above, this cause of action is removable to the United States District Court for the Middle District of Tennessee.

WHEREFORE, LINA files this Notice for the purpose of removing this action from the Sumner County Circuit Court to the United States District Court for the Middle District of Tennessee.

>Respectfully submitted,
>
>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, P.C.
>
>By: s/Cameron S. Hill
>Cameron S. Hill (TN BPR No. 017408)
>1800 Republic Centre
>633 Chestnut Street
>Chattanooga, TN 37450-1800
>Telephone: 423.209.4160
>Facsimile: 423.752-9545
>Email: chill@bakerdonelson.com
>
>*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>Cynthia Hall Templeton, Esq.
>176 West Franklin Street
>Gallatin, TN 37066

>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, P.C.
>
>By: s/Cameron S. Hill